UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAMES JOSEPH JULUKE, JR., an individual, | ) ) ) |
| Plaintiff, | ) Case No.: 3:14-cv-00128-L ) ) |
| v. | ) ) |
| LINCOLN PTV INVESTORS, LTD., a Texas Limited Company, | ) ) ) |
| and | ) ) |
| LG PRESTON CAMPBELL, LLC, a Texas Limited Liability Company, | ) ) ) |
| Defendants. | ) ) ) |

## AMENDED COMPLAINT

Plaintiff, JAMES JOSEPH JULUKE, JR. through his undersigned counsel, hereby files this Amended Complaint and sues LINCOLN PTV INVESTORS, LTD., a Texas Limited Company and LG PRESTON CAMPBELL, LLC, a Texas Limited Liability Company, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. § 12181 *et seq.*, ("AMERICANS WITH DISABILITIES ACT" or "ADA") and damages pursuant to Chapter 121 of the Texas Human Resources Code, Tex. Hum. Res. Code Ann. § 121.001 *et seq.*, (Chapter 121) and alleges:

### JURISDICTION AND PARTIES

1.     This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, (the "ADA"), and Tex. Hum. Res. Code Ann. § 121.001 *et seq.* This Court is vested with original jurisdiction pursuant to 28 U.S.C.

§§ 1331 and 1343. This Court has supplemental jurisdiction over the subject matter of all other claims pursuant to 28 U.S.C. §1367(a).

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), because the Defendants' Property, which is the subject of this action, is located in Dallas County, Texas.

3. Plaintiff, JAMES JOSEPH JULUKE, JR. (hereinafter referred to as "MR. JULUKE" or "Plaintiff"), is a resident of the State of Texas in Dallas County.

4. MR. JULUKE is a qualified individual with a disability under the ADA. In 1994, MR. JULUKE suffered an injury to his spinal cord resulting in trauma to his T-10 vertebrae. MR. JULUKE is a paraplegic and is disabled.

5. MR. JULUKE's disability, at all times material hereto, impairs his ability to walk, stand and bend, all major life activities, and requires him to use a wheelchair to ambulate.

6. Defendant, LINCOLN PTV INVESTORS, LTD., a Texas Limited Company, (hereinafter referred to as "LINCOLN PTV" or"Defendants"), is registered to do business in the State of Texas. Upon information and belief, LINCOLN PTV is the owner, lessor and/or operator of the real property and improvements which are the subject of this action, to wit: the "Property," known as "Preston Trail Village," generally located at 17174 - 17194 Preston Road, Dallas, Texas 75248.

7. Defendant, LG PRESTON CAMPBELL, LLC, a Texas Limited Liability Company, (hereinafter referred to as "LG PRESTON" or "Defendants"), is registered to do business in the State of Texas. Upon information and belief, LG PRESTON is the owner, lessor and/or operator of the real property and improvements which are the subject of this action, to wit: the "Property," known as "Preston Trail Village," generally located at 17174 - 17194 Preston Road, Dallas, Texas 75248.

8. All events giving rise to this lawsuit occurred in the Northern District of Texas.

## COUNT I
## (VIOLATION OF TITLE III OF THE ADA)

9. Plaintiff realleges and incorporates into this cause of action each and every allegation contained in the previous paragraphs of this Amended Complaint.

10. The Property, a shopping plaza, is open to the public and provides goods and services to the public.

11. Plaintiff visited the Property and attempted to utilize the goods and services offered at the Property and plans to return to the Property in the near future.

12. During his visit, MR. JULUKE experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed in this Amended Complaint.

13. MR. JULUKE continues to desire to visit the Property, but fears that he will again encounter serious difficulty and safety hazards due to the barriers discussed herein which still exist.

14. Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* by excluding and/or denying Plaintiff the benefits of the goods and services located on the Property by failing to provide and/or correct the following barriers to access which Plaintiff personally observed, encountered, and which hindered his access:

  A. inaccessible parking throughout the Property due to excessive slopes within the parking spaces designated as accessible, due to a failure to provide proper access aisles and/or due to fixed objects, such as shopping

     cart rails, built within the designated access aisles;

  B. inaccessible curb cuts throughout the Property due to excessive slopes, excessive side flares, and curb cuts in a state of disrepair; and

  C. inaccessible routes throughout the Property due to a failure to provide curb cuts near some tenant spaces.

15. Upon information and belief, there are other current violations of the ADA and ADA Accessibility Guidelines ("ADAAG") at the Property, and only after a full inspection is performed by the Plaintiff or Plaintiff's representatives can all said violations be identified.

16. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

17. Independent of his intent to return as a patron to the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

18. Removal of the barriers to access located on the Property is readily achievable, structurally feasible and easily accomplishable without placing an undue burden on Defendants.

19. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

20. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendants.

## COUNT II
## (VIOLATION OF CHAPTER 121 OF THE TEXAS HUMAN RIGHTS CODE)

21. Plaintiff realleges and incorporates into this cause of action each and every allegation contained in the previous paragraphs of this Amended Complaint.

22. Chapter 121 specifically addresses the ability of people with disabilities to integrate fully into society. Chapter 121 states the policy of Texas "is to encourage and enable persons with disabilities to participate fully in the social and economic life of the state, to achieve maximum personal independence, to become gainfully employed, and to otherwise fully enjoy and use all public facilities available within the state." Tex. Hum. Res. Code Ann. §121.001.

23. Chapter 121.003 (d)(1) prohibits any failure to comply with Article 9102 of the Texas Civil Statues, which is identical to the ADAAG.

24. Further, each violation of Chapter 121.004(b) provides for a conclusive presumption of damages of least $100 to the person with a disability.

25. Defendants' barriers to access as discussed herein have denied and continue to deny, the Plaintiff the opportunity to equally participate in or benefit from the goods, services, and accommodations afforded to other individuals, thus violating Chapter 121.Tex. Hum. Res. Code Ann, § 121.001, and entitling Plaintiff to injunctive and statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff demands judgment against Defendants and requests the following injunctive and declaratory relief:

A. That the Court declare that the Property owned, leased, and/or operated by Defendants is in violation of the ADA;

5

B.     That the Court enter an Order directing Defendants to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C.     That the Court enter an Order directing Defendants to evaluate and neutralize their policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendants to undertake and complete corrective procedures;

D.     That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E.     That the Court award such other and further relief as it deems necessary, just and proper.

F.     That this Court issue a Declaratory Judgment that the Defendants have violated the Chapter 121 of the Texas Human Resources Code.

G.     That this Court orders the Defendants to alter the aforesaid premises to make such facilities accessible to and usable by individuals with disabilities to the extent required by the Chapter 121 of the Texas Human Resources Code.

H.     That this Court award Plaintiff Statutory damages from the Defendants pursuant to Chapter 121 of the Texas Human Resource Code.

I.     That this Court award Plaintiff such other additional and proper relief as may be just and equitable.

Respectfully Submitted,

By:   */s/ Jeff A. Wells*     .
    Jeff A. Wells, Esq.
    Texas Bar No. 24056511
    Local Counsel
    Wells Crosland, PLLC
    12225 Greenville Ave., Suite 700
    Dallas, Texas 75243
    Phone: (214) 810-5529
    Fax: (866) 277-4589
    jeff@wellscrosland.com

and

Louis I. Mussman, Esq.
Florida Bar No. 597155
Ku & Mussman, P.A.
12550 Biscayne Blvd., Suite 406
Miami, FL 33181
Tel: (305) 891-1322
Fax: (305) 891-4512
Louis@KuMussman.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 13th day of February, 2014, a true and correct copy of the foregoing has been furnished by U.S. Mail to:

LINCOLN PTV INVESTORS, LTD.
c/o its registered agent
C T Corporation System
350 North St. Paul Street,
Dallas, Texas 75201

By:   */s/ Jeff A. Wells*     .
    Jeff A. Wells, Esq.