IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES JOSEPH JULUKE, JR., | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | Case No. 3:14-cv-00128-L |
| LINCOLN PTV INVETORS, LTD. | § | |
| and LG PRESTON CAMPBELL LLC, | § | |
| | § | |
| Defendants. | § | |

### DEFENDANT LG PRESTON CAMPBELL LLC'S ORIGINAL ANSWER

Defendant LG Preston Campbell LLC ("Defendant" or "LG Preston"), for its Answer to the Amended Complaint of Plaintiff James Joseph Juluke, Jr. ("Plaintiff" or "Mr. Juluke"), states and alleges as follows:

### I.
### SPECIFIC RESPONSES TO AMENDED COMPLAINT

#### JURISDICTION AND PARTIES

1. With respect to the allegations set forth in Paragraph 1 of the Amended Complaint, LG Preston admits that Plaintiff is seeking declaratory and injunctive relief. Except as stated, the allegations in Paragraph 1 are introductory or call for legal conclusions and, to the extent necessary, are denied.

2. Paragraph 2 calls for legal conclusions to which no response is required. To the extent one is required, Paragraph 2 is denied.

3. LG Preston is without knowledge or information sufficient to form a belief regarding the allegations in Paragraph 3 of the Amended Complaint and therefore denies same.

4. LG Preston is without knowledge or information sufficient to form a belief regarding the allegations in Paragraph 4 of the Amended Complaint and therefore denies same.

5. LG Preston is without knowledge or information sufficient to form a belief regarding the allegations in Paragraph 5 of the Amended Complaint and therefore denies same.

6. LG Preston denies that Lincoln PTV is the owner, lessor and/or operator of the Property. LG Preston is without knowledge or information sufficient to form a belief regarding the remaining allegations in Paragraph 6 of the Amended Complaint and therefore denies same.

7. LG Preston admits the allegations set forth in Paragraph 7 of the Amended Complaint.

8. LG Preston is without knowledge or information sufficient to form a belief regarding the allegations in Paragraph 8 of the Amended Complaint and therefore denies same.

## COUNT I
## (VIOLATION OF TITLE III OF THE ADA)

9. LG Preston incorporates by reference Paragraphs 1 through 8 of this Answer as if fully set forth herein. The allegations in Paragraph 9 of the Amended Complaint do not require a response, but to the extent one is required, the allegations are denied.

10. LG Preston admits the allegations set forth in Paragraph 10 of the Amended Complaint.

11. LG Preston is without knowledge or information sufficient to form a belief regarding the allegations in Paragraph 11 of the Amended Complaint and therefore denies same.

12. LG Preston is without knowledge or information sufficient to form a belief regarding the allegations in Paragraph 12 of the Amended Complaint and therefore denies same.

13. LG Preston is without knowledge or information sufficient to form a belief regarding the allegations in Paragraph 13 of the Amended Complaint and therefore denies same.

14. Defendant objects to Paragraph 14 as vague and ambiguous. Subject to the foregoing, denied.

15. Denied.

16. Denied.

17. LG Preston is without knowledge or information sufficient to form a belief regarding the allegations in Paragraph 17 of the Amended Complaint and therefore denies same.

18. Denied.

19. Defendant is without knowledge or information sufficient to form a belief regarding the allegations in Paragraph 19 and therefore denies same.

20. LG Preston admits that Plaintiff has retained counsel for the filing and prosecution of this action, but it denies the remaining allegations set forth in Paragraph 20 of the Amended Complaint.

## COUNT II
### (VIOLATION OF CHAPTER 121 OF THE TEXAS HUMAN RIGHTS CODE)

21. LG Preston incorporates by reference Paragraphs 1 through 20 of this Answer as if fully set forth herein. The allegations in Paragraph 21 of the Amended Complaint do not require a response, but to the extent one is required, the allegations are denied.

22. Paragraph 22 of the Amended Complaint is a legal conclusion that does not require a response. To the extent that a response is required, the allegations in Paragraph 22 are denied.

23. Paragraph 23 of the Amended Complaint is a legal conclusion that does not require a response. To the extent that a response is required, the allegations in Paragraph 23 are denied.

24. Paragraph 24 of the Amended Complaint is a legal conclusion that does not require a response. To the extent that a response is required, the allegations in Paragraph 24 are denied.

25. Denied.

## PRAYER FOR RELIEF

LG Preston denies all allegations in Paragraphs A through I in Plaintiff's Prayer in the Amended Complaint and further denies that any relief should be granted to Plaintiff.

## II.
## AFFIRMATIVE DEFENSES AND OTHER MATTERS

1. Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to state a claim upon which relief can be granted. Specifically, Plaintiff has failed to plead his claims with the requisite specificity such that LG Preston is unable to determine the extent of the alleged violations of the Americans with Disabilities Act ("ADA"). The pleadings do not reveal any evidence of the current measurements of the parking aisles, curb cuts, slopes, and side flairs. In addition, no barriers in the parking aisles other than shopping cart rails are identified, and it is unclear how the parking rails render the aisles in violation of the ADA requirements. Finally, the pleadings do not offer plausible proposals for barrier removal or any proof that the costs of such would not clearly exceed the benefits.

2. Plaintiff's claims are barred, in whole or in part, by a lack of standing until Plaintiff shows that he is a qualified individual under the ADA, visited the Property, and intends to return to the Property.

3. Plaintiff's claims are barred, in whole or in part, because removal of the alleged barriers is not readily achievable.

4. Plaintiff's claims are barred, in whole or in part, because LG Preston provided access to the Property through readily achievable alternative methods.

5. Plaintiff's claims are barred, in whole or in part, because the requested modifications would impose an undue burden on LG Preston. Specifically, depending on the scope of the modifications, a remodeling of the parking lot and curbs could cost more than $50,000 and could cause LG Preston to divert resources away from a planned redevelopment of the Property.

6. Plaintiff's claims are barred, in whole or in part, because the requested modifications to the Property would fundamentally alter the nature of the Property.

7. Plaintiff's claims are barred, in whole or in part, because LG Preston acted in good faith reliance upon a Phase One study it commissioned as part of its due diligence at the time it purchased the Property in October 2013, which indicated that the Property was ADA compliant.

8. Plaintiff's claims are barred, in whole or in part, because the Property satisfies the maximum extent feasible standard.

9. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

LG Preston reserves the right to assert additional affirmative defenses as they become known through further investigation and discovery.

## III.
## PRAYER

THEREFORE, LG Preston requests that Plaintiff take nothing by way of its claims, that judgment be entered against Plaintiff in connection with his Amended Complaint, that LG Preston be awarded its costs, fees, and other expenses incurred in defending against Plaintiff's claims, and for all such other and further relief, at law and in equity, to which LG Preston may be entitled.

Dated: September 30, 2014                    Respectfully submitted,

                                                   */s/ Andrew M. Gould*
                                                   Andrew M. Gould
                                                   Texas State Bar No. 00792541
                                                   Jacob T. Fain
                                                   Texas State Bar No. 24053747

                                                   **WICK, PHILLIPS, GOULD & MARTIN, LLP**
                                                   3131 McKinney Avenue, Suite 100
                                                   Dallas, Texas 75204
                                                   214-692-6200
                                                   214-692-6255 (fax)
                                                   E-mail: andrew.gould@wickphillips.com
                                                   E-mail: jacob.fain@wickphillips.com

                                                   **ATTORNEYS FOR DEFENDANT**
                                                   **LG PRESTON CAMPBELL, LLC**

## CERTIFICATE OF SERVICE

      I certify that on this, the 30th day of September, 2014, I electronically filed a copy of the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel for Defendant listed below.

| | |
|---|---|
| Louis I Mussman | Seth P. Crosland |
| Ku & Mussman, P.A. | Wells Crosland PLLC |
| 12550 Biscayne Blvd., Suite 406 | 12225 Greenville Avenue, Suite 700 |
| Miami, FL 33181 | Dallas, Texas 75243 |
| Tel: 305.891.1322 | Tel: (214) 810-5401 |
| Fax: 305.891.4512 | Fax: (214) 988-5794 |
| E-Mail: Louis@KuMussman.com | E-Mail: seth@wellscrosland.com |
| | |
| *Attorney for Plaintiff* | *Attorney for Plaintiff* |

                                                   */s/ Jacob T. Fain*
                                                     Jacob T. Fain